UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AUSTIN by and through
ROBIN L. ROSENBERG, his
Guardian ad Litem,

      Plaintiff,

v.                                   Case No.: 5:07-CV-00173-WTH-GRJ

THE HARBOR BEHAVIORAL HEALTH
CARE INSTITUTE, a Florida corporation, and
THE FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES

      Defendants.
_____/

### DEFENDANT THE HARBOR BEHAVIORAL HEALTH CARE INSTITUTE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND INCORPORATED MEMORANDUM OF LAW

Defendant THE HARBOR BEHAVIORAL HEALTH CARE INSTITUTE, INC., (hereinafter "The Harbor"), by and through its undersigned attorneys, hereby files this response in opposition to *Plaintiff's Motion for Remand* [Docket Entry 10]. As more fully detailed herein, because The Harbor's *Notice of Removal* [Docket Entry 1] was timely filed within thirty (30) days of service of Plaintiff's *Fourth Amended Complaint for Damages* – the first filing clearly indicating that Plaintiff was asserting federal causes of action against The Harbor – Plaintiff's Motion should be denied.

**Procedural Background**

While long and tortured, the procedural history of this case is important. On or about March 27, 2006, Plaintiff, a minor child, served his *Complaint for Damages* upon The Harbor. Plaintiff's Complaint was purportedly filed by and through the minor child's next friend Karen

Gievers, the attorney who filed the Complaint. This eight-page Complaint failed to delineate separate counts but appeared to attempt to allege several independent causes of action (i.e. negligence, breach of contract, medical malpractice). Thereafter, The Harbor timely moved to dismiss the Complaint based on four (4) independent bases: (1) Plaintiff's Complaint failed to sufficiently allege facts showing that Karen Gievers has standing to pursue this action; (2) Plaintiff's Complaint failed to join indispensable parties; (3) Plaintiff's Complaint failed to state any cause of action; and (4) Plaintiff failed to comply with the presuit requirements of Chapter 766, Florida Statutes.

On or about May 5, 2006, Plaintiff filed a Response to the Motion to Dismiss purportedly addressing each of the four (4) underlying bases of The Harbor's Motion to Dismiss. Prior to the Court hearing or ruling on The Harbor's Motion, Plaintiff served his *Amended Complaint for Damages* on July 11, 2006. Unlike the prior Complaint, this Complaint delineated three (3) separate Counts: (1) non-medical malpractice negligence; (2) breach of contract; and (3) medical malpractice negligence. On July 13, 2006 The Harbor again filed a Motion to Dismiss Plaintiff's Amended Complaint. The Harbor based this Motion on the fact that the Amended Complaint still failed to sufficiently allege facts showing that Karen Gievers had standing to pursue this action; the Amended Complaint failed to join indispensable parties (at a minimum the State of Florida Department of Children and Families); and the Amended Complaint failed to state a cause of action for breach of contract (where no contract was attached and no contract between The Harbor and Plaintiff identified).

A hearing was held by the Honorable Patricia V. Thomas on July 17, 2006. In granting The Harbor's Motion to Dismiss without prejudice, Judge Thomas found that Plaintiff had failed to comply with the pre-suit requirements for a medical malpractice matter mandated by Chapter

766 of the Florida Statutes, and that the State of Florida Department of Children and Families (as guardian of the person of the minor Plaintiff) was an indispensable party to the action.

On August 31, 2006, Plaintiff filed a four (4) count *Second Amended Complaint for Damages* adding Florida Department of Children and Families (hereinafter "DCAF") as a defendant. Count I purported to allege non-medical malpractice negligence against The Harbor; Count II purported to allege "non-medical malpractice" breach of contract; Count III was curiously left as a placeholder for a future medical malpractice count; and Count IV alleged negligence against DCAF. Both The Harbor and DCAF filed Motions to Dismiss the *Second Amended Complaint for Damages*. The Harbor based its Motion on the fact that (1) Attorney Karen Gievers was acting *ultra vires* in filing and maintaining this action without the authority of the State of Florida dependency Court; (2) Count I still attempted to allege medical malpractice negligence without complying with the statutorily mandated pre-suit process; and (3) Count II was virtually the same breach of contract count as previously alleged.

Based upon agreement of counsel, the Court entered an Order once again dismissing Plaintiff's Complaint without prejudice, and Plaintiff filed a *Third Amended Complaint for Damages* against The Harbor and DCAF on or about December 18, 2007. Plaintiff's Third Amended Complaint was confusing. Count I alleged a negligence action against The Harbor. Count II alleged a medical malpractice action against The Harbor. There is no Count III. Count IV alleged a cause of action under §393.13, Fla. Stat., against both Defendants and Count V alleged a cause of action under §394.459, Fla. Stat. against both Defendants. There were two counts labeled as Count VI. The first Count VI alleged negligence against DCAF and the second Count VI alleged a violation of civil rights under 43 U.S.C. §§1983 and 1988 against The Harbor

(Chapter 43 of the United States Code is entitled "Public Lands."). Once again, The Harbor and DCAF moved to dismiss the most recent Complaint.

The Harbor first based its Motion on the fact that Attorney Karen Gievers was acting *ultra vires* in filing and maintaining this action without the authority of the State of Florida dependency Court. The Harbor further argued that Count I of the Third Amended Complaint failed to state a cause of action for negligence as Plaintiff was still attempting to mask a medical malpractice claim. Moreover, The Harbor sought the second of two Count VIs to be dismissed. The Harbor argued that it did not know the basis of the suit since the statutory provision cited was Title 43 of the United States Code that pertained to "Public Lands." Moreover, The Harbor, in good faith, argued that even if Plaintiff was attempting to plead a cause of action under 42 U.S.C. sections 1983 and 1988, no such causes of action were plead because Plaintiff had not plead "specific allegations of involvement by state officials or private individuals acting with knowledge of and pursuant to state law." *Wright v. TRW Credit Data*, 588 F.Supp. 112, 114 (S.D. Fla. 1984) (citations omitted). Because Plaintiff simply alleged at paragraph 61 that "the acts of defendants [sic] The Harbor was committed under color of state law," The Harbor believed (and still to this day believes) that Count VI was woefully inadequate and failed to state any cause of action.[1]

Following a hearing held on March 26, 2007, the state Court granted DCAF's Motion to Dismiss to the extent that the separate theories regarding direct and vicarious negligence were to be set out in separate counts. Moreover, the Court directed Plaintiff to clean up the Complaint and properly number each individual count. The Court denied The Harbor's Motion. Thereafter, Plaintiff filed the *Fourth Amended Complaint for Damages* on April 9, 2007. Count I alleges a

---

[1] The Harbor also incorporated by reference the arguments made by DCAF in its Motion to Dismiss as to Counts IV and V.

negligence action against The Harbor; Count II alleges a state medical malpractice action against The Harbor pursuant to Chapter 766 of the Florida Statutes; Count III alleges a cause of action under §393.13, Fla. Stat., against both The Harbor and DCAF; Count IV alleges a cause of action under §394.459, Fla. Stat. against both Defendants; and Count V alleges Negligence against DCAF. Finally, Count VI now alleges claims pursuant to 42 U.S.C. §§ 1983 and 1988 against The Harbor. Because Count VI now clearly alleges claims of civil rights violations pursuant to sections 1983 and 1988, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### The Harbor Timely Removed This Matter to Federal Court Within Thirty (30) Days of the First Clear Indication that Plaintiff was Asserting Federal Claims Against it.

Plaintiff asserts that The Harbor untimely removed this matter by not removing upon service of Plaintiff's *Third Amended Complaint for Damages* [Docket Entry 10-1]. Plaintiff alleges that his claims based on 43 U.S.C. §§ 1983 and 1988 were properly filed and removable at that time. However, there is no § 1983 or § 1988 in Title 43 of the United States Code. Title 43 of the code deals with "Public lands." Moreover, even if The Harbor was to assume that Plaintiff intended to plead claims under 42 U.S.C. §§ 1983 and 1988, The Harbor believed in good faith that the second Count VI of the Third Amended Complaint did not properly state a cause of action under any federal theory and was therefore a nullity. It was not until service of the *Fourth Amended Complaint for Damages* where Plaintiff cited 42 U.S.C. §§ 1983 and 1988 that The Harbor became certain that Plaintiff intended to pursue such federal claims.

The Federal Statutes provide for the removal procedures:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

> proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). The Eleventh Circuit has made clear that "the jurisdictional facts that support removal must be judged at the time of removal," and any other information is not allowed unless relevant to that specific time period. *Sierminski v. Transouth Fin. Corp.* 216 F.3d 945, 949 (11th Cir. 2000). Removal statutes are to be construed narrowly. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Any knowledge on the part of the defendants not a part of the court file is irrelevant to the removal analysis. *Del Rio v. Scottsdale Ins. Co.*, No. 0:05-cv-1429-ORL-19-JGG, 2005 WL 3093434, at *3 (M.D. Fla. Nov. 19, 2005); *Field v. Nat'l Life Ins. Co.*, No. 8:00-cv-989-T-24TBM, 2001 WL 77101, at *8 (M.D.Fla. Jan. 22, 2001) (quoting *Jong v. General Motors Corp.*, 359 F. Supp. 223 (N.D.Cal. 1973) ("The time period to remove an action cannot depend on defendant's actual knowledge, because the statute expressly allows a defendant to rely on papers presented to it."). The purpose of permitting a defendant to rely solely on the documents served on it "decreases the instances of premature removal and lessens the chance that the defendant will have to speculate as to facts forming the basis for removal." *Id.* Accordingly, "the standard is what the complaint states." *Del Rio,* 2005 WL 3093434, at *4.

Here, Plaintiff's Third Amended Complaint did not state a cause of action under federal law upon which relief could be granted. First, Plaintiff's second Count VI was based on a nonexistent federal law. There are no sections 1983 and 1988 in Chapter 43 of the United States Code. Accordingly, the Third Amended Complaint failed to state any cognizable claim (federal or not). *See e.g. Helm v. Resolution Trust Corp.*, 84 F.3d 874 (7th Cir. 1995) (affirming the denial of Plaintiff's Rule 60(b)(1) and (6) and Rule 15(a) motions where district court dismissed Plaintiff's Complaint pursuant to Rule 12(b)(1) Motion where Complaint cited incorrect statute as basis for claim); *Watson v. Cleveland Municipal Sch. Dist.*, No. 1:04 CV 1825, 2005 WL 1239280 (N.D.Ohio May 24, 2005) (granting motion to dismiss on grounds Plaintiff filed her complaint under the wrong statute). Consequently, based on the papers before it, The Harbor had no basis to remove the case to federal court.

Moreover, and most importantly, even if The Harbor was to assume that Plaintiff was proceeding under 42 U.S.C. §§ 1983 and 1988, The Harbor, in good faith, did not believe the second Count VI adequately and appropriately stated a cause of action under these sections. Plaintiff's conclusory allegations that "the acts of defendants [sic] The Harbor was committed under color of state law, within the scope of their discretionary authority" are quite simply insufficient. *See Third Amended Complaint for Damages*, at ¶ 61 (Docket Entry 10-1) "An essential element of a claim under section 1983 is a showing that the deprivation of the right in question was caused by a defendant acting under color of state law or that 'state action' is otherwise involved." *Wright v. TRW Credit Data*, 588 F.Supp. 112, 114 (S.D. Fla. 1984) (citing *Luger v. Edmondson Oil Company*, 457 U.S. 922, (1982); *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1979). The Harbor relied on case law stating that Plaintiff must plead "specific allegations of involvement by state officials or by private individuals acting with knowledge of

7

and pursuant to state law." *Id.* "In the absence of allegations that private defendants acted in complicity with state and federal authorities, an action cannot be maintained under section 1983." *Id.*

Plaintiff's Third Amended Complaint contained no allegations that any employee or agent of The Harbor "acted in complicity with state and federal authorities" in order for Plaintiff to maintain the action. There were no specific allegations that any employee or agent of The Harbor acted with knowledge of or pursuant to state law. Accordingly, The Harbor not believing any federal jurisdiction applied, moved to dismiss this Plaintiff's fourth attempt at drafting a complaint that stated a cause of action. Only upon service of the *Fourth Amended Complaint for Damages* did it became clear to The Harbor that, while the Count will not likely survive a decision on the merits, Plaintiff was relying on federal law, and The Harbor timely filed its Notice of Removal.

WHEREFORE, for the foregoing reasons Defendant THE HARBOR BEHAVIORAL HEALTH CARE INSTITUTE respectfully requests this Court deny Plaintiff's Motion for Remand and grant any further relief the Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of May, 2007.

---

JAMES A. MARTIN, JR. ESQ.
Florida Bar No. 0166508
Lead Trial Attorney
jam@macfar.com
JEFFREY W. GIBSON, ESQ
Florida Bar No. 0568074
jg@macfar.com
MACFARLANE FERGUSON & MCMULLEN
625 Court Street
Clearwater, Florida 33756
Phone: (727) 441-8966
Fax: (727) 442-8470
COUNSEL FOR DEFENDANT
THE HARBOR BEHAVIORAL HEALTH
CARE INSTITUTE.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was presented to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notice of electronic filing to the individuals on the attached Service List this 21st day of May, 2007.

_____
JAMES A. MARTIN, JR. ESQ.
Florida Bar No. 0166508
Lead Trial Attorney
jam@macfar.com
JEFFREY W. GIBSON, ESQ
Florida Bar No. 0568074
jg@macfar.com

## SERVICE LIST

**Karen Gievers, Esq.,**
524 East College Avenue,
Tallahassee, FL 32301
Counsel to the Guardian ad Litem

**Robin L. Rosenberg, Esq.**
P.O. Box 1812
Tampa, FL 33601-1812
Guardian ad Litem

**David Delaney, Esq.**
**Elizabeth M. Collins, Esq.**
Dell Graham, P.A.
P.O. Box 850
Gainesville, FL 32601
Counsel to the Florida Department of Children and Families