UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AUSTIN, by and through ROBIN L.
ROSENBERG, his Guardian ad Litem,

        Plaintiff,

v.                                    Case No.  5:07-cv-173-Oc-10GRJ

THE HARBOR BEHAVIORAL HEALTH CARE
INSTITUTE, A Florida corporation, and THE
FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Remand. (Doc. 10.) Defendant,

The Harbor Behavioral Health Care Institute ("Harbor") has filed a response in

opposition (Doc. 15), and this motion is therefore ripe for review. For the reasons

discussed below, the Plaintiff's Motion for Remand is due to be **GRANTED**.

## I.  BACKGROUND

This is an action brought on behalf of a minor child purporting to allege claims for

negligence and Florida statutory violations by Defendants for mistreatment received by

the minor Plaintiff while he was in foster care. The action was initially filed in state court

on March 13, 2006 in the Circuit Court of the Fifth Judicial Circuit, in and for Citrus

County, Florida and served on Defendant on March 27, 2006. During the period of time

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02,
Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file
timely objections shall bar the party from a *de novo* determination by a district judge and from attacking
factual findings on appeal.

that this case was pending in state court the Plaintiff amended the complaint four times, in July, 2006, August 2006, December, 2006 and April 2007. The Third Amended Complaint, filed in December 2006 was served on Harbor on January 17, 2007. The Fourth Amended Complaint was filed by Plaintiff on April 12, 2007 in state court.

Defendant, Harbor removed this action on April 30, 2007, within thirty days after it received the Fourth Amended Complaint. Harbor claims that the Fourth Amended Complaint was the first filing clearly disclosing that Plaintiff was asserting federal causes of action against it. The Fourth Amended Complaint contains a count VI - which includes claims against Harbor for damages pursuant to 42 U.S.C. §§ 1983 and 1988. Therefore if the Fourth Amended Complaint was the first notice of the existence of federal claims in this case the removal would be timely.

Plaintiff contends that removal of this action on April 30, 2007, after service of the Fourth Amended Complaint, was untimely because the same federal claims were included in the Third Amended Complaint served on January 17, 2007 and, therefore, removal is untimely because this action was removed more than thirty days after service of the Third Amended Complaint in state court.

## II. DISCUSSION

The procedure for removal is outlined in 28 U.S.C. §1446 and involves two distinct time periods for removal. The first time period relates to removal upon the filing of the initial complaint. In this regard the statute requires removal " within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the

claim upon which such action or proceeding is based."[2] The second time period applies where, as here, the basis for federal subject matter jurisdiction does not appear in the initial pleading but arises subsequently in the case. Under this second time period the statute provides that if "the case stated by the initial pleading is not removable," the defendant must file a notice of removal "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."[3] Because the parties agree that the initial complaint did not state a federal claim the only time period relevant to the Court's inquiry is the second time period under the statute.

The two thirty day time periods are triggered by different standards. The first time period applicable to initial pleadings is triggered when the complaint "sets forth" the removable claim. The second thirty day time period involving the filing of [an] "amended pleading" is triggered only when it may be "ascertained" that the case has become removable. As such, the standard for triggering the thirty removal period under the second part of the statute "requires a greater level of certainty than the former .. " and therefore "to trigger the second thirty-day time limit, that paper must be 'unequivocally clear and certain."[4]

Applying this standard the issue to be decided by the Court turns upon whether the Third Amended Complaint is a sufficient amended pleading, which is unequivocally

---

[2] 28 U.S.C. §1446(b).

[3] *Id.*

[4] <u>Bosky v. Kroger Texas, LP</u>, 288 F.3d 208, 211 (5th Cir. 2002).

clear and certain so that the Defendant could ascertain that a federal claim was asserted.

The Third Amended Complaint[5] contains a count identified as "Count VI - Claims Against The Harbor For Violation's of Chad's Civil Rights."[6] Paragraph 60 of Count VI of the Third Amended Complaint alleges in relevant part: "This is an action for damages ... arising under 43 U.S.C. Sections 1983 and 1988" and goes on to allege "This action alleges violations of the United States Constitution, including, but not limited to, violations of the Fourteenth Amendment, which makes it unlawful for The Harbor employees to be deliberately indifferent to and/or have callous disregard." Plaintiff further alleges in the next paragraph "At all time material hereto, the acts of defendants The Harbor was (sic) committed under color of state law, within the scope of their discretionary authority."[7]

Harbor contends that this Count of the Third Amended Complaint is not unequivocally clear and certain to place it on notice that Plaintiff was alleging a federal claim. Harbor advances two reasons in support of its argument. First, Harbor points out that Title 42 and not Title 43 of the United States Code provides a remedy for pursuing civil rights claims in federal court. Secondly, Harbor argues that even if the reference to Title 43 instead of Title 42 was sufficient to apprise it that the Plaintiff intended to pursue a federal claim, the claim as alleged, nonetheless, was not unequivocal and clear

---

[5] Doc. 6, Part 2.

[6] Although the count is identified as count VI, it is actually count VII of the Third Amended Complaint.

[7] Doc 6, par 2, ¶ 61.

4

because the Count, as pled in the Third Amended Complaint, failed to specifically and adequately allege state action or facts sufficient to establish that Harbor acted under color of state law.

While the civil rights claim in Count VI of the Third Amended Complaint was not alleged with perfection or precision, Count VI is more than sufficient to trigger the thirty day period within which to remove this case. While the incorrect reference to "43 U.S.C. § 1983," instead of correctly citing 42 U.S.C. § 1983, was not unequivocal and clear, the same paragraph goes on to allege unequivocally and clearly that "This action alleges violations of the United States Constitution, including but not limited to violations of the Fourteenth Amendment ... " There can be little doubt that this statement is unequivocal and clear. Upon receipt of the Third Amended Complaint on January 17, 2007 Defendant was not left to guess or speculate as to whether Plaintiff was raising a federal claim. Plaintiff directly stated that the action alleges violations of the United States Constitution, clearly a matter which would be within this Court's subject matter jurisdiction. Accordingly, the thirty day period for removing this action to federal court under the statute was triggered.

Harbor's argument - that the claim was not unequivocal and clear because it did not include sufficient allegations of state action - confuses the issue of whether Plaintiff has stated a cause of action with the issue of whether Plaintiff has raised a claim within the Court's subject matter jurisdiction. "The scope of federal jurisdiction is broader than the existence of a cause of action."[8] Consequently, even if the Third Amended

---

[8] Cervantes v. Bexar County Civil Service Commission, 99 F.3d 730, 733 (5th Cir. 1996).

Complaint was insufficient to state a claim upon which relief could be granted under section 1983 - as Defendant claims - the claim may, nonetheless, be sufficient to create federal subject matter jurisdiction.[9] Simply, because a claim may be subject to attack in a 12(b)(6) motion does not mean that a federal court does not have subject matter jurisdiction to address the sufficiency of a complaint.

The distinction between whether a complaint states a cause of action and whether it is sufficient to raise federal question jurisdiction to trigger removal is illustrated in *Cervantes v. Bexar County Civil Service Commission.* In *Cervantes* the plaintiff included a claim in his amended complaint in state court, which stated in conclusory fashion that he was "entitled to the affirmative relief he seeks ...  pursuant to ... Title 42 of the United States Code, Section 1983." The Fifth Circuit concluded that this was sufficient to create federal subject matter jurisdiction and therefore began the time period for removal. Because the defendant in *Cervantes* failed to remove the action within thirty days of receipt of the amended pleading which included this allegation, the Fifth Circuit reversed and remanded the case to the district court with instructions to remand the action to state court because the removal notice had been filed untimely.

The allegations in the Third Amended Complaint in this case concerning the § 1983 claim are much more detailed than the sparse allegations in *Cervantes*, which only included the allegation that the claim was brought under § 1983 without much, if any, further detail concerning the other elements of the federal claim. As aptly stated by the

---

[9] *Id.*

*Cervantes* court "The question is not whether the plaintiff has a cause of action or a remedy, but whether the district court may entertain the suit."[10]

Accordingly, because the Third Amended Complaint raised a claim over which a federal court would have subject matter jurisdiction the action was properly removable on January 17, 2007, the date when Harbor was served with the Third Amended Complaint. As such, Harbor was required to remove this action to federal court by February 16, 2007. Because Harbor waited until April 30, 2007 to file its notice of removal, the notice of removal was untimely and, therefore, Harbor waived its right to remove this case to federal court. Consequently, because Harbor's notice of removal was filed untimely, Plaintiff's Motion To Remand is due to be granted.[11]

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 10) be **GRANTED**.

**IN CHAMBERS** in Ocala, Florida, on this 25th day of May, 2007.

Copies to:

GARY R. JONES
United States Magistrate Judge

Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record

---

[10] *Id.*

[11] The thirty-day time period in 28 U.S.C. § 1446(b) is mandatory and may not be extended by the Court. Liebig v. DeJoy, 814 F.Supp. 1074 (M.D.Fla.1993).