UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AUSTIN, by and through ROBIN L.
ROSENBERG, his Guardian ad Litem,

            Plaintiff,

-vs-                                      Case No.  5:07-cv-173-Oc-10GRJ

THE HARBOR BEHAVIORAL HEALTH
CARE INSTITUTE, A Florida corporation,
and THE FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

            Defendant.
_____/

## O R D E R

The United States Magistrate Judge has issued a report (Doc. 18) recommending that the Plaintiff's motion for remand (Doc. 10) be granted.  The Defendant filed an objection (Doc. 20) to the Magistrate Judge's report and recommendation, and the Plaintiff has filed a response (Doc. 22) in opposition to that objection.

The Defendant objects to the Magistrate Judge's report and recommendation on the same grounds that it opposed the motion for remand: the Defendant asserts that the 30-day period in which to remove the case pursuant to 28 U.S.C. § 1446(b) was not triggered by the filing of the Plaintiff's third amended complaint because the Plaintiff's otherwise clear claim for relief based upon federal civil rights law in that complaint contained a one-digit numeric typographical error.  In the alternative, the Defendant contends that because it did

not believe that the count at issue "adequately and appropriately stated a cause of action" under 28 U.S.C. §§ 1983 and 1988 the 30-day period for removal was not triggered.

The Defendant's primary argument is without merit. The designation of a "civil rights" claim "arising under 43 U.S.C. Sections 1988 and 1983" that goes on to allege "violations of the United States Constitution" is sufficient to allow the Defendant to ascertain that the case involves a claim that is or has become removable. Especially, as here, where the Defendant has conceded that an almost identically worded claim in the fourth amended complaint served to trigger the 30-day period when the typographical error was fixed to reflect the correct Title of the United States Code, and "43" became "42." The Defendant's secondary argument is equally without merit, as the ultimate validity of a federal claim is not necessarily coextensive with a party's ability to successfully remove the case to federal court on the basis of that claim. As noted by the Magistrate Judge, "The scope of federal jurisdiction is broader than the existence of a cause of action."  Report and Recommendation at 5 (Doc. 18) (quoting Cervantes v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 733 (5th Cir. 1996)).

Accordingly, upon an independent examination of the file and upon due consideration, it is ordered that the report and recommendation of the Magistrate Judge (Doc. 18) is adopted, confirmed and made a part hereof and, for the reasons stated in that report, the Plaintiff's motion for remand (Doc. 10) is GRANTED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 16th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy